J-S45009-19

2019 PA Super 339

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
CHENG JIE LU, :
:
Appellant : No. 2658 EDA 2017

Appeal from the Judgment of Sentence Entered August 3, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0009321-2016

BEFORE:   BENDER, P.J.E., MURRAY, J., and PELLEGRINI, J.[*]

DISSENTING OPINION BY MURRAY, J.:          **FILED NOVEMBER 13, 2019**

I respectfully dissent.  While I agree that it was error for the trial court to admit the out-of-court statement of an unavailable witness, I would conclude that the error was harmless and thus would affirm the judgment of sentence.

This Court has stated:

"Not all errors at trial . . . entitle an appellant to a new trial, and [t]he harmless error doctrine, as adopted in Pennsylvania, reflects the reality that the accused is entitled to a fair trial, not a perfect trial . . . ."  Harmless error is "a technique of appellate review designed to advance judicial economy by obviating the necessity for a retrial where the appellate court is convinced that a trial error was harmless beyond a reasonable doubt."  "An error will be deemed harmless where the appellate court concludes beyond a reasonable doubt that the error could not have contributed to the verdict."

The Commonwealth bears the burden to establish that the error was harmless.  The Commonwealth satisfies the harmless error burden when the Commonwealth is able to show:

---

[*] Retired Senior Judge assigned to the Superior Court.

> (1) the error did not prejudice the defendant or the prejudice was *de minimis*; or (2) the erroneously admitted evidence was merely cumulative of other untainted evidence which was substantially similar to the erroneously admitted evidence; or (3) the properly admitted and uncontradicted evidence of guilt was so overwhelming and the prejudicial effect of the error so insignificant by comparison that the error could not have contributed to the verdict.

*Commonwealth v. Green*, 162 A.3d 509, 519 (Pa. Super. 2017) (citations omitted).

Here, the Commonwealth asserts that it was harmless error for the trial court to admit Police Officer Stanley Kaluza's testimony that Xiu Xui said, in reference to Appellant, "[H]e's the manager." Commonwealth Brief at 16-17; *see* N.T. Trial, 4/11/17, at 57. In support, the Commonwealth contends that the trial evidence established that Appellant facilitated the transaction between the officer and Ms. Xui for payment for sex, where Appellant opened the door and invited the officer in, and then led the officer upstairs and gestured to three women wearing lingerie.

I agree with the Commonwealth's reasoning. I emphasize the testimony of Officer Kaluza, an 18-year veteran of the Philadelphia Police Department City Wide Vice Enforcement Unit, that his perception of Appellant as the manager "**started** with [Appellant] opening the door." N.T. Trial, 4/11/17, at 43, 65 (emphasis added). Officer Kaluza further testified: "Secondly, when [Appellant] did the open hand [gesture] and presented me the girls, that showed to me he was saying here you are." *Id.* Officer Kaluza testified that

it was **after** the aforementioned actions that Ms. Xui indicated that Appellant was the manager.[1]

The evidence also established that while the three women spoke limited English, Appellant showed some proficiency. **See** N.T. Trial, 4/11/17, at 49-50 (Officer Kaluza's testimony that when he asked Appellant whether the officer was in the right place, Appellant responded "yes"), 62 (Officer Kaluza's testimony that Xiu Xui spoke "[t]he best English"), 73 (trial court stating its belief that Appellant understood the proceedings because he answered questions prior to the interpreter finishing). Furthermore, the record showed that Appellant was the sole participant in the transaction who did not appear to be a prostitute.[2]

The foregoing evidence — especially Officer Kazula's testimony that facts arising prior to Ms. Xui's statement had already led him to believe that Appellant was the manager — support the inference that Appellant was managing or supervising a prostitution business. **See** 18 Pa.C.S.A. § 5902(b)(1) (promoting prostitution). Accordingly, while I agree with the

---

[1] Appellant denied any knowledge of a prostitution business. He testified that he had been at the house for one day, was travelling from New York to Chicago, his friend took him to the house and told him to wait there, and he did not know there were three women upstairs wearing lingerie. N.T. Trial, 4/11/17, at 74, 78. Appellant conceded that he let Officer Kaluza into the house and led him upstairs, but testified that he "made [the] gesture to [the officer] because [Appellant] really didn't know what was going on." **Id.** at 81-82.

[2] A fourth woman was sleeping at the house; she was not arrested. N.T. Trial, 4/11/17, at 62.

majority that it was error to admit Xiu Xui's statement, I find the error to be harmless.  ***See Green***, 162 A.3d at 519.  I would affirm the judgment of sentence.